FILED 08 AUG 14 11:52USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WELLS FARGO BANK N.A., f/k/a
Wells Fargo Home Mortgage, Inc.,

                Plaintiff,

      v.

UNITED STATES OF AMERICA by and
through the INTERNAL REVENUE
SERVICE,

                Defendant.

CV. 08-221-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

       The question before the court is whether the remedy plaintiff Wells Fargo ("Wells Fargo")

is currently seeking, a judicial strict foreclosure under state law of the federal tax lien filed by

Page -1- FINDINGS AND RECOMMENDATION                        *{SIB}*

defendant United States of America, by and through the Internal Revenue Service (the "United States"), is preempted by § 7425 of the Internal Revenue Code (26 U.S.C. § 1 et. seq.)(the "Code"). For the reasons set forth below, the court finds that federal law preempts Wells Fargo's remedy and recommends that the United States' motion to dismiss be granted. Wells Fargo's motion for summary judgment should be denied as moot.

*Background*

H. Zane Block owned real property located at 77182 Colonel Jordan Road, Hermiston, Oregon (the "Property"). In January 1995, Block executed and recorded a trust deed against the Property naming Wells Fargo as beneficiary (the "Trust Deed") to secure a loan to him from Wells Fargo (the "Loan"). In 1998, the United States filed and recorded a federal tax lien against the Property (the "Lien").

Block eventually defaulted on the Loan and Wells Fargo initiated nonjudicial foreclosure proceedings in 2001. The trustee failed to give legally required notice of the sale to the United States. On September 25, 2001, the Federal Home Loan Mortgage Corp., ("Freddie Mac") purchased the Property for $67,590.14, the outstanding amount of the Loan. When Wells Fargo and Freddie Mac discovered that United States had not received have notice of the sale, Freddie Mac assigned its interest in the Property and the Trust Deed to Wells Fargo.

On February 19, 2008, Wells Fargo filed this action for strict foreclosure pursuant to applicable Oregon law.[1] Wells Fargo seeks an order declaring the Liens foreclosed and granting the

---

[1] Wells Fargo first filed an action over in state court in December 2006, which the United States removed to this court. In December 2007 Judge Mosman dismissed the case for lack of standing based on a technical error in the complaint. In February 2008 Wells Fargo filed the instant case in this court.

United States 120 days to redeem the Property for $67,590.74 plus 6 % interest from September 25, 2001.[2]

*Legal Standard*

The doctrine of federal preemption is based upon the Supremacy Clause of the United States Constitution. The Supremacy Clause provides that, "the Laws of the United States . . . shall be the supreme Law of the Land . . . ." U.S. Const., art. VI, cl. 2. Thus, Congress has the power to preempt state law. *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000). Accordingly, any state law which conflicts with federal law is "without effect." *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992).

Preemption analysis begins with the presumption that "the historic police powers of the States [are] not to be superseded by . . . Federal Act unless that [is] the clear and manifest purpose of Congress." *Id.* (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). Thus, congressional intent is the key inquiry in preemption analysis. *Cippolone*, 505 U.S. at 516. In some instances Congress includes explicit language revealing that Congress intended the federal act to preempt state law. *Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25, 31 (1996). In the absence of an express statement by Congress, state law nonetheless is preempted where: (1) Congress intends that federal law "occupy the field," i.e., an area of law; or (2) state law actually conflicts with federal law, such that compliance with both state and federal law is impossible, or state law is an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. *Crosby*, 530 U.S. at 372-73; *California v. ARC Am. Corp.*, 490 U.S. 93, 100-01 (1989)(citations omitted). If state law operates to prevent the purpose of the federal act in question

---

[2] This relief is requested in the Second Amended Complaint, filed August 1, 2008.

Page -3- FINDINGS AND RECOMMENDATION                                        {SIB}

from being accomplished, then "'state law must yield to the regulation of Congress within the sphere
of the delegated power.'" *Crosby*, 530 U.S. at 373 (quoting *Savage v. Jones*, 225 U.S. 501, 533
(1912)).

## Discussion

Wells Fargo is seeking a strict foreclosure of the Lien, a remedy it claims is available to it
because the United States is an omitted party under O.R.S. § 86.742 and a junior lienholder with
respect to the Trust Deed. Wells Fargo claims that under these circumstances, it is entitled to
extinguish the interest of the junior omitted lienholder, leaving the United States with only the right
to redeem the Property for $67,590.74, plus interest from the date of the foreclosure sale, within 120
days, or lose all of its interest in the Property. The United States concedes that the Lien is inferior
to the Trust Deed and that Wells Fargo is entitled extinguish the Lien through a judicial or
nonjudicial foreclosure sale of the Property. However, the United States argues that the remedy
sought by Wells Fargo in this instance, that of strict foreclosure of the Lien pursuant to state law, is
contrary to the purpose and objective of Congress in enacting 26 U.S.C. § 7425, and therefore is
preempted by federal law.

Under 26 U.S.C. § 7425(b), if the United States has filed or recorded a lien against real
property within thirty days of the date of a scheduled foreclosure sale and is not given at least twenty-
five days' notice of such sale, any sale of the real property will be made "subject to and without
disturbing" the lien of the United States. 42 U.S.C. § 7425(b)(1) (2006).[3] The common purpose

---

[3] 26 U.S.C. § 7425(b)(2) looks to state law to determine the effect of the sale on the
United States' interest if the lien was not filed or recorded thirty days before the sale, the state
law makes no provision for the filing or recording of such lien, or the United States was given
proper notice of the sale.

behind the "formidable arsenal of collection tools" found in the Code is to ensure the "prompt and certain collection of delinquent taxes." *United States v. Rodgers*, 461 U.S. 677, 683, 694 (1983). The Ninth Circuit has described the congressional reasoning for adopting § 7425 as follows:

> Before Congress enacted § 7425(b)(1), some state laws allowed senior lienors to conduct nonjudicial sales without notice to junior lienors. Junior liens held by the government could be extinguished by operation of state law even though the government had not been notified of a sale. . . . To prevent the extinction of government liens under these circumstances, Congress enacted section 7425(b)(1) to assure that the government received notice of these sales so that it could "review its position and determine the appropriate action." This would assure that the government could protect its interest in having a fair sale. In the event the government did not receive notice, Congress intended only to shield the government's junior liens from extinction so the government could protect its interest at a later date.

*First American Title Inc. Co. v. United States*, 848 F.2d 969, 972 (9th Cir. 1988)(quoting S .Rep. No. 1708, 89th Cong., 2d Sess., *reprinted in* 1966 U.S. Code Cong. & Admin. News 3722, 3748).

In *First American*, a senior lienholder failed to notify the United States of a nonjudicial foreclosure sale of real property against which tax liens had been recorded. The senior lienholder then purchased the real property at the foreclosure sale. The issue before the trial court was whether the senior lienholder's purchase of the real property extinguished the senior lien under the merger doctrine leaving the real property subject to only the tax liens. *First American*, 848 F.2d at 970. Although the merger question is not an issue in the instant case, the Ninth Circuit's discussion in *First American* of the ultimate effect of § 7425(b)(1) is relevant here to the issue of preemption:

> If Provident's lien survives the sale, the government's junior liens still are unaffected by the sale, and the government can protect its interest in having a fair sale in the future when Provident sells the property or when the government forecloses on it. Granting equitable relief also will not discourage senior lienors such as Provident from notifying the government of future sales. Senior lienors have a strong incentive to notify the government because doing so will extinguish the government's junior liens when the property is sold. *See* 26 U.S.C. § 7425(b)(2) *and Sohn v. California*

> *Pacific Title Ins. Co.,* 124 Cal. App.2d 757, 269 P.2d 223, 230 (1954). If notice is
> not given, the government's liens survive the sale, leaving an encumbrance on the
> property. We believe that this is the penalty that Congress intended to impose on
> senior lienors such as Provident.

*Id.* at 972.

Here, it is undisputed that the United States did not have notice of the nonjudicial sale of the

Property and, therefore, was deprived of the opportunity to participate in the sale and protect its

interests. Section 7425(b)(1) ensures that the United States will have another opportunity to protect

its interest by requiring the sale to be made subject to and without disturbing the lien of the United

States, just as if it had received notice of the original sale. In other words, the United States' interest

in the Property remains unchanged: it retains all of the rights it had in the Property prior to the sale.

Given congressional intent to remedy the detrimental effect of foreclosures on property on which

government liens exist, and in light of § 7425(b)(1)'s purpose of preserving the United States' lien

and ensuring that the government could protect its interest in having a fair sale, § 7425(b)(1)

preempts the conflicting Oregon law. Otherwise, the strict foreclosure sought by Wells Fargo under

Oregon law would deprive the United States of its right to participate in the sale of the Property and

diminish the government's rights to the sole option of redeeming the Property for the purchase price

offered at the sale or relinquishing its lien altogether, a result in direct conflict with Congress's intent

in enacting § 7425(b)(1).

The strict foreclosure proceeding also conflicts with the express language of the statute.

Section 7425(b)(1) provides that the sale will be made subject to and without disturbing the lien of

the United States. In other words, the interest of the United States in the property remains

unchanged. With regard to the United States, it is as if the sale never occurred. Strict foreclosure

is a remedy used to extinguish the interest of an omitted lienholder. Consequently, strict foreclosure is available only after a defective foreclosure sale. If the United States is to be treated as if the sale never occurred, then the United States would never qualify as an omitted lienholder for the purpose of a strict foreclosure. This result, as the Ninth Circuit explained in *First American*, is the penalty that Congress intended to impose on senior lienors when they fail to give notice of foreclosure to the United States of foreclosure on a property on which the government holds a lien.

Finally, the court's finding that preemption applies is consistent with the recent holding of the Colorado district court in *Bank One, Nat. Ass'n v. United States*, No. 07-cv-00070-PSF-CBS, 2007 WL 2350101 (D. Colo. Aug. 15, 2007). In *Bank One*, the mortgagor initiated judicial foreclosure proceedings and purchased the real property at the foreclosure sale. When the mortgagor later determined that the United States had recorded a tax lien against the property more than thirty days before the foreclosure proceeding was initiated[4] but was not notified of the proceedings, the mortgagor filed an action to strictly foreclose the interest of the United States and force the United States to redeem the property within 120 days or have its lien interest extinguished.[5] *Id.* at *1. The district court held that:

> there is an actual conflict between C.R.S. § 38-38-506 and 26 U.S.C. § 7425(a)(1)[6] such that the state statute is preempted and thus cannot apply. There is no viable way

---

[4] The United States also had a tax lien that was not recorded until after the proceedings were initiated. The district court found that this lien could be strictly foreclosed because there was no conflict between the state statute and §7425.

[5] Bank One pursued a strict foreclosure authorized by statute while Wells Fargo has asked for a similar strict foreclosure under Oregon common law. The different authority for the strict foreclosure process does not diminish the relevance of the Colorado court holding.

[6] 26 U.S.C. § 7425(a)(1) applies to judicial, rather than nonjudicial, foreclosure proceedings but is otherwise virtually identical to 26 U.S.C. § 7425(b)(1).

to apply both statutes and accomplish the full objective of the federal statute. Under 26 U.S.C. § 7425(a)(1), the tax lien of which notice was recorded at the time foreclosure proceedings were commenced remains simply undisturbed without further action by the United States. Under Colorado law, however, the United states has two choices: exercise its right to redeem the Property, or decline to do so and have the lien extinguished. C.R.S. § 38-38-506. Neither option comports with the outcome mandated by § 7425(a)(1), and the state and federal statutes thus cannot be applied consistently. Moreover, plaintiff has presented no evidence, and the Court has not located any, to overcome the corresponding presumption that Congress would not want state law to apply in these circumstances. Thus, under 26 U.S.C. § 7425(a)(1), the federal tax lien of which notice was recorded on October 31, 2005[,] remains undisturbed, and plaintiff has no valid cause of action under C.R.S. § 38-38-506 with respect to that lien.

Id. at *5 (citations omitted).[7]

The court finds that the remedy of strict foreclosure is in direct conflict with the express language of, and the congressional intent behind, 26 U.S.C. § 7425(b)(1). Accordingly, Wells Fargo complaint is preempted by federal law and the United States' motion to dismiss should be granted. Because preemption applies, Wells Fargo's motion for summary judgment is moot, and should be denied as such.

### Conclusion

The United States motion (#8) to dismiss this action as preempted by 26 U.S.C. § 7425(b)(1) should be GRANTED. Wells Fargo's motion (#9) for summary judgment should be DENIED.

### Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than **August 29, 2008**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

---

[7] Wells Fargo argues that the district court of Colorado has also rejected the government's preemption arguments in a similar case and cites *Timothy J. Russell, et al. v. United States, et al.*, Case No. 1:07-cv-456-RPM (D. Colo. 2007). Because the case is unreported and Wells Fargo has not provided the court with a copy of the opinion, the court is unable to determine the whether the holding is relevant to the case at hand.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 14th day of August, 2008.

JOHN V. ACOSTA
United States Magistrate Judge